By the Court, Marcy, J.
An action of trespass could not be maintained by a remainderman or reversioner for an injury to the estate in remainder or reversion at common law, but it is now given by statute. (1 R. L. 527.) The question presented in this case is, whether a person acting by the permission of the tenant in possession, or holding under him and doing an injury to the estate of the reversioner, is a stranger within the meaning of the statute, and liable to *607 answer for damages to the reversioner in an action of trespass ? The agreement between Rebecca Thomas and the defendant, by which he became the tenant of a part of the estate hi reversion of which the plaintiffs were seised, is not, technically speaking, an assignment. (1 Strange, 405. Doug. 182.) The defendant 'has not, therefore, the protection of an assignee ; but I do not think he is to be regarded as a stranger. It is contended, on the part of the plaintiffs, that the defendant is a stranger within the meaning of the statute, if there be no privity of contract between him and them. By this rule, every servant or laborer in the employment of a tenant for life or years, would be subject to a prosecution as a trespasser for any act injurious to the estate of the reversioner, although done by the express authority of the tenant. Such . a construction has not, I believe, been given, and I think ought not to be given to the statute. If a person acts by the direction, authority or permission of the tenant in possession, he is not a stranger. It is laid down, that a stranger doing injury to the premises may be prosecuted by either the tenant or the reversioner. (1 Saunders, 312, n. 5. Har. & Butl. Co. Lit. 57, a. n. 2.) It is very certain that the tenant in this case could not sustain the action ; for she gave the defendant authority to do the acts for which he is prosecuted; and it is equally certain that the acts being such as a tenant may not ordinarily do, she is answerable in an action of waste to the plaintiffs, unless she holds without impeachment of waste. Every act that would be a trespass in a stranger, for which a reversioner may have .an action, is not necessarily waste, if done by the tenant. If the servant of the tenant was liable for trespass to the reversioner, he might be called upon in some instances to pay damages for that which the tenant by whose authority he acted, could do with impunity. He must therefore be permitted to avail himself of the defence which the tenant would have if prosecuted for waste. The difficulty which would inevitably result from regarding the tenant’s agent as a stranger, could not be avoided' without confounding, in such cases, the distinction between the action of waste and trespass. The evidence before the court of common pleas proved, in *608 a satisfactory manner, that the defendant had the permission -and authority of the tenant in possession for those acts on account of which he was prosecuted. They were therefore the acts of the tenant, and the court were correct in deciding that he did not stand, in respect to those acts, in the attitude of a stranger to the plaintiffs.
Judgment affirmed.